UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS M.C., | Case No. 26-CV-0212 (PJS/ECW) |
| Petitioner, | |
| v. | ORDER |
| DAVID EASTERWOOD, in his official capacity as Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; TODD M. LYONS, in his official capacity as Director of Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Respondents. | |

Bryan Plaster, E. Michelle Drake, John G. Albanese, and Soledad Slowing Romero, BERGER MONTAGUE PC, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Luis M.C.'s petition for a writ of habeas corpus.[1]  Luis, a citizen of Ecuador, has lived in the United States unlawfully for approximately two-and-a-half years.  V. Pet. ¶¶ 8, 39.  On January 12, 2026, Luis was

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

arrested outside his place of work, a Target store in Richfield, Minnesota, and brought into the custody of United States Immigration and Customs Enforcement.  *Id.* ¶¶ 40, 43.  According to the verified petition, Luis, his wife, and their three minor children all have pending asylum claims.  *Id.* ¶¶ 44, 47.  The verified petition states that Luis had valid employment authorization at the time of his arrest and has no criminal history.  *Id.* ¶¶ 45, 48.  Luis remains in ICE custody.  *Id.* ¶ 50.

Respondents take the position that Luis is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure* Hurtado, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Luis filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are unlawfully living in the United States.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Luis, who entered without inspection and are already present and living in the United States.[2]  The Court will therefore grant Luis's petition to the extent of ordering that respondents provide him with a bond hearing under § 1226 and enjoining respondents from applying the mandatory-detention provision of § 1225(b)(2).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART and DENIED IN PART.  Specifically, the Court:

    a. DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and ENJOINS respondents from denying release or other relief on the basis that petitioner is subject to mandatory detention under § 1226(b)(2).

    b. ORDERS respondents to provide petitioner a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See generally* ECF No. 5.

      c.      ORDERS respondents to return petitioner to Minnesota immediately and keep petitioner in Minnesota until the bond hearing is held so that petitioner may consult with counsel.[3]

      d.      If respondents do not provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 7 days of the date of this Order, petitioner must be immediately released from detention.

2.      The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 17, 2026

                                                  /s/ Patrick J. Schiltz
                                                  Patrick J. Schiltz, Chief Judge
                                                  United States District Court

---

[3]The Court has been informed that Luis has not been returned to Minnesota, *see* ECF No. 7 at 3, in violation of the Court's prior order, *see* ECF No. 4.